UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS TEODORO ARANDA,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2702

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondent to release Petitioner or ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.5–6.)[1] In an order entered on October 1, 2026, the Court directed Respondent to show cause why the writ of habeas corpus and other relief

[1] Petitioner also filed a motion seeking expedited consideration. (ECF No. 2.) Because this opinion resolves this matter in its entirety, Petitioner's motion is moot.

requested by Petitioner should not be granted. (Order, ECF No. 8.)[2] Respondent filed a motion to dismiss for lack of jurisdiction on October 15, 2026. (ECF No. 12.)

**II. Factual Background**

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.1.) On September 1, 2026, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id.*) On September 25, 2026, DHS removed Petitioner from the United States. (Warrant of Removal/Deportation, ECF No. 13-2, PageID.46.)

**III. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

**IV. Analysis**

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondent to release Petitioner from custody. After initiating this action, Petitioner was removed from the United States and is no longer in Respondent's custody.

[2] The receipt of case notice (ECF No. 6) and the order to show cause (ECF No. 8) were mailed to Petitioner on September 29, 2026, and October 2, 2026, respectively; however, both the receipt for case notice and order to show cause were returned undeliverable. (ECF Nos. 11, 16.).

Because the relief sought in Petitioner's § 2241 petition relates to his detention, and he is no longer detained by Respondent, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 21, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge